**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-50635
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS PATINO, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-226-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following his conviction by a jury, Defendant-Appellant Luis Patino, Jr.,
appeals his conviction and sentence for conspiracy to possess with intent to
distribute cocaine and possession with intent to distribute cocaine. He raises
two contentions on appeal, one as to his sentence and the other as to his
conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Patino contends that the district court committed clear error in sentencing him when it overruled his objection to a two-level increase in his offense level that was based on his leading role in the offense. The trial record and the presentence report (PSR) show that Patino forbade his common law wife and codefendant, Gloria Rayos, from dealing with male customers, that Rayos gave the proceeds of her sales to Patino, that Patino kept Rayos from leaving him by threatening to expose her as a fugitive, and that Patino dealt with the couple's drug supplier. This evidence renders plausible the court's finding that Patino managed Rayos and exercised a leading or organizing role in the criminal conduct. *See United States v. Parker*, 133 F.3d 322, 330 (5th Cir. 1998). The district court committed no clear error in sentencing Patino.

Patino also contends that the evidence was insufficient to convict him on either count. Patino does not contend that the evidence, if believed, failed to establish any element of either crime. Rather, he argues that the testimony was "factually insubstantial." This argument is merely an assertion that the testimony of Rayos and other witnesses was not worthy of belief because it was uncorroborated. It was exclusively for the jury to decide whether the witnesses were credible, and the witnesses' credibility is not an issue on appeal. *United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004); *Brainin v. United States*, 317 F.2d 69, 69 (5th Cir. 1963). As the jury was entitled to believe the witnesses, the evidence was sufficient to allow the jury to find that the government proved all the elements of the offenses beyond a reasonable doubt. *United States v. Kay*, 513 F.3d 432, 452 (5th Cir. 2007), *cert. denied*, 129 S. Ct. 42 (2008).

Patino's conviction and sentence are, in all respects,

AFFIRMED.